NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROQUETTE FRÉRES, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 06-cv-04928 (DMC) |
| YUCHENG LUJIAN BIOLOGICAL CO., LTD., | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion for contempt by Plaintiff Roquette Fréres ("Plaintiff"), in which Plaintiff seeks to have this Court direct United States Customs and Border Protection ("CBP") to exclude from entry into the United States any dry form maltitol originating from Defendant Yucheng Lujian Biological Co., Ltd ("Defendant"). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's motion is **granted**.

**I.     Background**

    **A.     Factual Background**

Plaintiff alleges infringement of its patent covering maltitol crystals,[1] United States Patent No. 6,344,591 (the "'591 patent"). Defendant manufactures the product in China and imports it into the United States for sale and delivery to unknown United States customers. On August 7, 2007, the

---

[1] Maltitol crystals are a dry form of maltitol, a low-calorie sugar substitute.

District Court of New Jersey issued a final judgment enjoining Defendant from importing, selling, or offering to sell infringing maltitol crystals. Subsequent to the Court entering its Order, Defendant violated the same by appearing in the United States at a trade show, soliciting sales and distributing samples and brochures for the maltitol crystals. Plaintiff obtained samples and, based on an expert opinion, determined that Defendant's product infringed the '592 patent.

### B. Procedural History

On October 13, 2006, Plaintiff filed an action in this Court against Defendant for infringement of the '591 patent. Defendant failed to appear in that action and default judgment was entered against Defendant on August 7, 2007. Pursuant to the August 7, 2007 Order, Defendant is enjoined from importing, selling, or offering to sell infringing maltitol crystals. When Plaintiff discovered that Defendant had appeared in the United States at an annual United States trade show offering for sale its maltitol crystals, Plaintiff filed the within motion for contempt on December 12, 2008. At the Court's request, Plaintiff submitted a bench memorandum in support of its motion regarding the Court's authority to direct CBP to exclude from entry into the United States any dry form maltitol from Defendant.

## II. Discussion

Patent law offers a patent holder several remedies against a purported infringer. For alleged infringement through importation, a patent holder may file a civil action pursuant to 35 U.S.C. § 281 or an action before the International Trade Commission ("ITC") pursuant to 19 U.S.C. § 1337(d). The United States Court of Appeals for the Federal Circuit has held that if a plaintiff seeks relief in a district court, he must additionally "request[] the U.S. Customs Service (CBP) to enforce the district court judgment by seizing the offending goods." Texas Instruments Inc. v. Tessera, 231 F.3d

1325, 1330 (Fed. Cir. 2000). In contrast, if a patentee files an action directly with the ITC it waives the right to seek money damages, but the ITC "automatically enforces its judgment by directing the U.S. Customs Service to seize any infringing imports." Id.

It has been found that a district court is empowered to grant a party "any relief [the party] could have obtained in the ITC." Ciena Corp. v. Nortel Networks, Inc., 2005 WL 1189881 at *9 (E.D. Tex. May 19, 2005). The Third Circuit has determined that the ITC has the authority to issue exclusion orders. See 19 U.S.C. § 1337(k); see, e.g., Fujifilm Corp. v. Benun, 2008 WL 2676596 at *2 (D.N.J. June 30, 2008) (holding that an exclusion order must be issued in an ITC hearing once an ALJ found defendants guilty of patent infringement).

Plaintiff seeks to have this Court direct CBP to issue an exclusion order to enjoin Defendant from importing infringing goods, to ensure Defendant's compliance with this Court's previous Order. Plaintiff correctly asserts that this Court has the authority to grant the same relief as the ITC.

Plaintiff further argues that a district court has the power to issue commands under the All Writs Act, 28 U.S.C. § 1651 to "prevent frustration of orders it has previously issued in its exercise of jurisdiction." United States v. New York Telephone Co., 434 U.S. 159, 172 (1977).

Given that this Court has issued an Order finding patent infringement which is not being complied with, the Court is compelled to take action to enforce its Order. Furthermore, the ITC can issue exclusion orders and this Court has the authority to issue the same forms of relief as the ITC. Accordingly, the Court will direct CBP to exclude from entry into the United States any dry form maltitol from Defendant.

**III.**     <u>**Conclusion**</u>

For the reasons stated, it is the finding of this Court that Plaintiff's motion is **granted**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Date:         September  25 , 2009  
Original:     Clerk's Office  
cc:           All Counsel of Record  
              The Honorable Mark Falk, U.S.M.J.  
              File